(27 App. Div. 87.)

DWYER v. BOARD OF EDUCATION OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. March 11, 1898.)

ACTION—RIGHT TO MAINTAIN—CONDITIONS PRECEDENT.

Plaintiff performed certain work for the board of education under a contract providing for a reference of disputes to the superintendent of school buildings for final decision. Plaintiff made a claim for extra work, which, being refused, was thus referred, and decided adversely to him. Upon his stipulation to accept a specified amount in full, except as to the claim in question, the latter to be adjusted and determined subject to the approval of the board of education and of the board of estimate and apportionment, the former board agreed to re-examine the claim, and, having done so, decided against him except as to a small amount. but the board of estimate returned the matter for further information. Thereupon plaintiff sued for the full amount claimed. *Held*, that the conditions precedent to a right to maintain the action were wanting, and that, as to the smaller amount awarded by the board of education, the action was premature.

Appeal from trial term.

Action by Thomas Dwyer against the board of education of the city of New York. From a judgment in favor of defendant, entered on a verdict directed by the court, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Charles J. Hardy, for appellant.
Chase Mellen, for respondent.

O'BRIEN, J. The action was brought to recover $3,006.25, alleged to be due for increased cost of performing a contract for the erection of a school building at the corner of 167th street and Courtlandt avenue. The plaintiff had a contract for the building of the school house, under the terms of which he was to furnish, for the sum of $199,700, all the

material and work, whether mentioned in the specifications or not, and usual to complete the building, in accordance with the plans and to the satisfaction of the superintendent of school buildings. The contract also contained a provision that, should any dispute arise as to the construction of the plans or drawings and specifications, it was to be decided by the superintendent of school buildings, and his decision should be final, and that with respect to any other difference between the parties the same might be submitted to arbitration. During the construction, the inspectors required certain work to be done, and a dispute arose as to whether such was within the terms of the contract, or was extra work. The matter having been referred to the superintendent of school buildings, he decided against the plaintiff and in favor of the inspectors. The plaintiff requested the defendant to examine his claim after the superintendent had decided against him, and the latter agreed to do so, provided the plaintiff would sign a stipulation, which he did. The adjustment under the stipulation was referred to a subcommittee, which reported adversely to the plaintiff on all claims, except as to $379.50, which it allowed. This report was adopted by the board of education and forwarded to the board of estimate and apportionment for allowance. The stipulation was as follows:

"The sum of $20,946.34, the last payment, will be in full of every claim and demand whatever in the premises, except the amount of my claim for extra work, to be hereafter adjusted and determined, subject to the approval of the board of education and of the board of estimate and apportionment, and to an appropriation to be duly made therefor."

This stipulation is dated June 6, 1892, and before the board of education acted thereunder the plaintiff applied for, and on July 28, 1892, received, the final payment, at which time he executed a general release, except as to a claim of $165, retained for surveyors' fees, which were subsequently paid him. The bill for extra work was presented to the board of education some time after November 5, 1892, and was considered during 1894. The result was the making of the award to the plaintiff, as already stated, at $379.50; and thereafter the board of education forwarded the same for approval to the board of estimate and apportionment, but by the latter it was returned. That this was done to obtain additional information appears from the extract from the minutes of the board of estimate and apportionment, which contains a letter, directed to the comptroller, from an engineer, who had undoubtedly been instructed to investigate, in which the engineer states that he "could obtain no information about the matter," and that "the allowance appears to me to be of a doubtful account." The next step was the commencement of this action by the plaintiff.

It will be seen that the conditions precedent upon which to base the plaintiff's claim are wanting. Whether we view it upon the theory that it is for extra work, for damages for delay in completion, it was a subject of dispute, which, in the first instance, was resolved against the plaintiff by the superintendent of buildings under the stipulation in the contract, and subsequently was arbitrated by the subcommittee on buildings of the board of education, which latter recognized the claim only to the extent of $379.50; and this, as shown by the stipulation into which the plaintiff entered, was to be paid only upon condition that

the approval of the board of estimate and apportionment to the payment could be obtained. That the defendant acted in good faith in its endeavor to secure such approval appears, and that it was unsuccessful likewise appears. It is true there was no express disapproval, the claim being returned evidently for further information. On ascertaining this, if the plaintiff had requested the board of education to forward the information, and that board had declined, another question would be present. Instead, however, of waiting for the board of education to act, this suit was brought, not for the amount of the award, but for the total claim for extra work. The plaintiff's release and stipulation stood in the way of such recovery. To obtain the award, the action, we think, was premature. The burden of showing his right to the payment of the amount awarded was upon the plaintiff, and, having failed to sustain it, he was properly nonsuited.

The judgment should, therefore, be affirmed, with costs. All concur.